UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-20380-CR-ALTONAGA (s)

UNITED STATES OF AMERICA

      Plaintiff,

v.

WILLIAM SARDINAS, et al.

      Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE ADMISSION INTO EVIDENCE ANY RECORDS OBTAINED PURSUANT TO THE GOVERNMENT'S APPLICATION FOR STORED CELL SITE INFORMATION OR ALTERNATIVELY MOTION TO QUASH ORDER AUTHORIZING DISCLOSURE OF CELL SITE INFORMATION**

William Sardinas, Defendant herein, files his motion in limine in this matter, seeking an order from the Court precluding the government from introducing into evidence any communication records obtained pursuant to the government's application for stored cell site information obtained from a cellular telephone seized in proximity to where Defendant was seated in a vehicle upon his arrest, with assigned phone number 305-992-1793.

Alternatively, Defendant seeks an order by this Court quashing the order signed by the magistrate judge authorizing disclosure of certain cell site information relative to the cellular telephone with assigned phone number 305-992-1793.  In support of his motion, Defendant would respectfully state as follows:

## INTRODUCTION

On April 16, 2008, Defendant and three others were arrested in connection with a government sponsored sting operation.  On April 17, 2008, Defendant and three co-defendants were charged in a criminal complaint with conspiracy to possess with intent to distribute cocaine; Hobbs act robbery conspiracy; and use of a weapon in furtherance of a drug trafficking crime.  Thereafter, on April 29, 2008, a federal grand jury returned an indictment against Defendant and three co-defendants, charging them with various drug, weapons and Hobbs Act offenses.  On May 22, 2008, subsequent to the return of the indictment in this matter, the government, under the present case number, submitted to a magistrate judge its Sealed Application For Stored Cell Site Information.  In its application, pursuant to provisions of the Stored

Communications Act (SCA), 18, United States Code, 2701 *et. seq.*, the government sought certain stored telephone communication records for seven cellular telephones seized from the Defendants in this matter.  Those records included, subscriber records, phone toll records and corresponding geographic location data (cell site information), pursuant to 18 U.S.C. 2703 (c) and (d).  On May 22, 2008, the magistrate judge issued a sealed order authorizing disclosure of the requested telephone communication records.[1] Subsequent to the order authorizing the disclosure of certain communication records, a  superseding indictment was returned on July 15, 2008, with the following changes: Ct. 5: added an allegation that the firearm allegedly carried by the named Defendants in relation to a crime of violence and a drug trafficking crime was equipped with a firearm silencer and firearm muffler; Forfeiture, paragraph 5: deleted two silencers from property subject to forfeiture.  Neither additional Defendants nor additional charges were

---

[1] The government's application for stored cell site information and the order authorizing disclosure of the cell site information were provided in the Government's Eighth Supplemental Response To The Standing Discovery Order, dated July 11, 2008.

included in the superseding indictment.

Because of the government's failure to allege in its application for stored cell site information the existence of any ongoing criminal investigation in this matter, as required, and its failure to meet the articulable relevance standard set forth in the SCA, the government should be precluded from offering any of the telephone communication records relative to cellular telephone with phone number 305-992-1793, obtained pursuant to the order authorizing disclosure of the information, into evidence at trial in this matter. In addition, Defendant contends that the applicable standard for obtaining cell site information is probable cause rather than articulable relevance. Accordingly, the government's failure to allege probable cause for the disclosure of cell site information should result in the evidence being precluded from admission into evidence at trial.

## **ARGUMENT**

In order to be entitled to disclosure from a cell service provider of records concerning electronic communications, the government must demonstrate (1) the existence of an ongoing criminal investigation and  (2)

articulable relevance of the requested information to the ongoing criminal investigation. 18 U.S.C. §2703 (d). A review of the government's application for disclosure of the stored cell site information reveals that it failed to meet either of the requirements entitling it to disclosure of cell site information.

### A.     Ongoing Criminal Investigation

The only reference to an "ongoing criminal investigation" in the government's application for stored cell site information is found in the unnumbered paragraph immediately following paragraph 19, where it is alleged that the cell site information "will be relevant to the ongoing criminal investigation regarding the defendants [*sic*] participation in the charged offenses and suspected involvement in other federal crimes, including narcotics distribution, interference with commerce by robbery, and firearms violations." The fact that the defendants have all been arrested and charged via indictment, with federal crimes, including narcotics distribution, interference with commerce by robbery and firearms violations, belies any contention that there is an ongoing investigation involving the defendants' participation in "other federal crimes," albeit the same crimes charged against

the Defendants in the present indictment.  To be sure, the facts contained in the government's application (see ¶1-12), fail to mention the possibility of the defendants' involvement in other, similar criminal activity, as generally alleged (referenced above).  Also telling is the fact that a recently returned superseding indictment was merely cosmetic rather than substantive, failing to add additional federal crimes and/or defendants.  Clearly, the facts seem to show that the reference by the government to an "ongoing criminal investigation," in support of its application for stored cell site information, was gratuitous rather than substantive, in order to comport with the statutory requirements in 18 U.S.C. §2703(d).

It should be noted that the process by which the government obtained its disclosure order is not cognizable under the SCA. Inexplicably, the application and order were sealed despite the absence of any sealing provision in the applicable statute.  Additionally, this super secret sealing procedure has previously been deemed invalid and inappropriate under 11th Circuit case law.  *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005). Yet, a review of the docket sheet reveals the absence of any entry for the

government's application or the court order authorizing disclosure of the cell site information.

Given the pendency of an indicted case, any application for stored cell site information should have been publicly filed so that the parties could have litigated the matter prior to the issuance of an ex parte court order. Now, at this juncture, Defendant is forced to attempt to undue that which has already been done. Had Defendant been afforded a hearing on the government's application, it would have been incumbent on the government to make some colorable showing that the investigation in this matter was ongoing and the government would have been required to proffer specific and articulable facts demonstrating the relevance of the requested stored cell site information to any ongoing investigation. Given the facts set forth in the government's application, it nevertheless has failed to meet either requirement.

### B.   Articulable Relevance

While the SCA requires the government to proffer specific and articulable facts demonstrating the relevance of the requested information, sought in its application, to an ongoing investigation, the government offered

none. Other than parroting the information set forth in the criminal complaint in this matter, in connection with the arrest of Defendant and co-defendants, the application includes a conclusory, self-serving allegation that "[d]uring the course of the events described above, each of the seven Subject Phones have been identified as relevant to the investigation." Government's application at page 14. Indeed, that statement in its proper context, refers to the investigation which resulted in Defendant's arrest and does not refer to any ongoing investigation. Moreover, no facts were provided in the government's application setting forth how the cellular telephone being linked to Defendant has relevance to any investigation. Other infirmities in the government's application are apparent as well. A review of the government's application reveals that: (1) no mention was made that Defendant used a cellular telephone at any point during the investigation in this matter; (2) no information was provided linking the use of the cellular telephone found in the area of a vehicle where Defendant was seated prior to his arrest, to any other individuals, including those already arrested, who are being investigated in connection with an ongoing investigation into other

criminal activity, albeit similar offenses to those charged in the indictment; and (3) no information was provided suggesting that Defendant, during the time frame for which the cell site information was requested, was involved in other, ongoing criminal activity and was using the seized cellular telephone to further those activities.  See, *In the Matter of the Application of the United States of America For An Order Directing A Provider Of Electronic Communication Service To Disclose Records To The Government*, 534 F.Supp. 2d 585, 588  n.11 (W.D. Pa. 2008)  (Noting, in dicta, the infirmities arising in an application where government merely asserts that cell phone being used by target of investigation).

Other than mentioning the fact that a cellular telephone was found in the proximity of where Defendant was seated prior to his arrest, the government's application provides no specific and articulable facts showing that the stored cell site information for the seized cellular telephone would be relevant to an ongoing investigation.  Thus, the government failed to proffer sufficient facts to satisfy the articulable relevance requirement, pursuant to 18 U.S.C. §2703 (d).

### C. Probable Cause

A review of the relevant case law in this area suggests that the current trend in Federal Districts throughout the United States is to require the government to demonstrate probable cause to obtain a court order for prospective stored cell site information. Few courts, however, have thoroughly addressed whether that same standard is applicable for retrospective requests for stored cell site information.  The latest pronouncement, found in *In Re U.S. For Order Directing A Provider Of Electronic Communication Service, supra,* applied a probable cause standard in denying the government's request for retrospective stored cell site information.  The magistrate judge's holding was predicated on the rationale that the requested information, namely, cell phone derived movement location information, resulted from a tracking device (cellular telephone), which falls outside the scope of the Stored Communications Act.  The magistrate judge acknowledged that, while not having statutory entitlement to cell site information, the government's remedy was to apply for a search warrant, which requires probable cause before a warrant will issue. *Id*. at 616.

Even, assuming *arguendo*, that this Court finds the government's application for stored cell site information satisfied the "ongoing investigation" and "articulable relevance" prongs under the SCA, nevertheless, the Court should follow the reasoning and subsequent holding in the latest pronouncement on the issue as referenced *supra,* and require the government to demonstrate the existence of probable cause before it is entitled to the requested stored cell site information.  Because the government failed to meet its burden in that regard, the Defendant's motion in limine should be granted.

## CONCLUSION

For the foregoing reasons, the Defendant requests that the Court grant its motion in limine in this matter and/or in the alternative enter an order quashing the magistrate judge's order authorizing, under seal, disclosure of stored cell site information obtained from cellular telephone number 305-992-1793.

                      Respectfully submitted,

                      ALLAN B. KAISER, P.L.L.C.

          111 N.E. 1st Street, Ste. 902
          Miami, FL 33132
          Phone: 305-858-6070
          Fax: 305-350-1915

By:/s/Allan B. Kaiser
    Allan B. Kaiser
    Fla. Bar No. 594628

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY, that on July 22, 2008, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, to be sent via transmission of Notices of Electronic Filing generated by CM/ECF for those counsel on the Service List in this case.

          /s/ Allan B. Kaiser